

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| American Petroleum Institute )<br><br>Plaintiff, )<br><br>v. )<br><br>Tomahawk Manufacturing LLC, )<br>Hayden B. Greene, Oilfield Coupling )<br>Distributors Incorporated, Sunbelt )<br>Manufacturing, David Clark, ABC Companies, )<br>and John and Jane Does )<br><br>Defendants. ) | Civil Action No. H-04-2965 |

## [PROPOSED] STIPULATED PRELIMINARY INJUNCTION

Plaintiff American Petroleum Institute ("API") and Defendant David Clark, along with any businesses owned, operated, or controlled by Clark (collectively "Defendant"), stipulates to the entry of the following preliminary Injunction:

WHEREAS, Defendant recognizes that this Court has jurisdiction over the parties and the subject matter of this litigation;

WHEREAS the Defendant is, without admitting liability, willing to comply with this preliminary injunction; and

THEREFORE, IT IS HEREBY STIPULATED by all parties whose signatures appear below, subject to approval by the Court, that:

EXHIBIT A

1. Subject to Paragraph 5 below, Defendant, his employees, agents, representatives, distributors, dealers, the officers and directors of his businesses, and all persons in active concert or participation with any of them are hereby preliminarily enjoined from manufacturing, contracting to manufacture, refurbishing, altering, reconditioning, or relabeling of any products using any of API's marks, including but not limited to those marks listed in the Complaint in this action, and any confusingly similar or dilutive marks or names ("API Marks").

2. Subject to Paragraph 5 below, Defendant, his employees, agents, representatives, distributors, dealers, the officers and directors of his businesses, and all persons in active concert or participation with any of them, are preliminarily enjoined from manufacturing, contracting to manufacture, refurbishing, altering, reconditioning, or relabeling of any products bearing any license number issued to a past or current API licensee, or any sequence of numbers or other designation that imitates the format of license numbers issued by API.

3. Defendant, his employees, agents, representatives, distributors, dealers, the officers and directors of his businesses, and all persons in active concert or participation with any of them, are preliminarily enjoined from falsely stating, falsely implying, or otherwise misrepresenting by any means whatsoever, directly or indirectly, that Plaintiff has certified, endorsed, or otherwise approved of any product or service offered, promoted, made or rendered by Defendant;

4. Defendant, his employees, agents, representatives, distributors, dealers, the officers and directors of his businesses, and all persons in active concert or

participation with any of them, are preliminarily enjoined from selling, offering for sale, promoting, advertising, or distributing any products (including but not limited to the alleged counterfeit products listed or identified in the Complaint) that Defendant knows, or reasonably should know, bear any of the API Marks without being licensed by API to bear the API Marks. Defendant shall take reasonable steps to ensure the legitimacy of the couplings in his inventory.

5. This order shall not prohibit Defendant from selling, offering for sale, promoting, advertising, or distributing any couplings bearing the API Marks that have been manufactured by a licensee of API authorized to use the API Marks at the time those couplings were manufactured, and have not been improperly subsequently altered or refurbished, including any such legitimate couplings that were located at 9119 Friendly in Houston, Texas on April 2, 2004 and that were inspected and not seized by the Federal Bureau of Investigation. This order shall also not prohibit Defendant from contracting with current API licensees for the custom manufacture of couplings bearing the API Marks that meet API standards. Any such custom ordered couplings shall be included in the monthly reports provided for in Paragraph 6 of this order.

6. For all couplings that Defendant acquires after April 2, 2004 (and not sold before July 22, 2004), and for any couplings in Defendant's possession on April 2, 2004 but not inspected by the Federal Bureau of Investigation (and not sold before July 22, 2004), Defendant shall provide API with a monthly report that: (a) lists the number of couplings bearing the API mark that have been sold or distributed in the previous month, (b) identifies the manufacturer and source for each coupling that have been sold or distributed in the previous month, (c) identifies the customers that purchased the

couplings and the quantities that were sold to each customer, and (d) identifies the location of all of Defendant's facilities (or facilities controlled by Defendant) where couplings that bear the API Mark are stored. API shall keep Defendant's reports confidential and may reveal the contents of the reports only with leave of the Court, or in response to some other court's order, subpoena, or government investigation.

7. Defendant, his employees, agents, representatives, distributors, dealers, the officers and directors of his businesses, and all persons in active concert or participation with any of them, are preliminarily enjoined from changing, altering, modifying, deleting, and/or destroying any products, data, records, or information, including information contained in Defendant's offices, computers, servers, backup tapes relating to (a) Defendant's use of API's marks on or with any product or service during the past five (5) years, (b) Defendant's manufacturing, distribution, and sales of products or services bearing API's mark during the past five (5) years, and (c) API's allegations contained in the Compliant filed in this action.

8. This Preliminary Injunction shall remain in full force and effect pending a final decision on the merits.

| Attorneys for Plaintiff<br>American Petroleum Institute | Attorneys for Defendant<br>David Clark |
|---|---|
| By: _____<br>Grant J. Harvey<br>TBA No. 09177700<br>Gibbs & Bruns<br>1100 Louisiana, Suite 5300<br>Houston, Texas 77002<br>713-650-8805<br>713-750-0903 (facsimile) | By: _____<br>Bertrand C. Moser<br>TBA No. 14572000<br>5417 Chaucer<br>Houston, Texas 77005<br>713-807-7455<br>713-526-8915 (facsimile) |

Preliminary Injunction
Page 4

## ORDER

IT IS SO ORDERED.

Dated: **9/2/04**

_____
UNITED STATES DISTRICT JUDGE